**Affirmed and Memorandum Opinion filed August 27, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00559-CV

---

**SAMSUNG SDI CO., LTD, Appellant**

**V.**

**SAMUEL WOLBRUECK, Appellee**

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2020-71486**

---

## MEMORANDUM OPINION

Appellant Samsung SDI Co. Ltd. ("Samsung") appeals the denial of its special appearance in the products liability lawsuit brought by appellee Samuel Wolbrueck ("Wolbrueck"). In two issues, Samsung argues the trial court erred in: (1) refusing to rule on Samsung's evidentiary objections and considering the objected-to evidence; and (2) finding that Texas has specific personal jurisdiction over Samsung in Wolbrueck's lawsuit. We affirm.

# I. BACKGROUND

In August of 2018, Wolbrueck purchased an 18650 lithium-ion battery at a Vape King store located in Friendswood, Texas. Wolbrueck then used the 18650 battery in his StreamLight flashlight. On or around November 7, 2018, the battery exploded in Wolbrueck's pocket, injuring his right thigh.

Wolbrueck filed a lawsuit against Samsung, asserting claims for negligence, products liability, breach of express and implied warranties, violation of the Deceptive Trade Practices Act, and gross negligence. In his live pleading, Wolbrueck alleged that Samsung is a battery manufacturer headquartered in South Korea and engages in the business of manufacturing, designing, testing, assembling, supplying, selling, exporting, importing, distributing, and/or otherwise introducing lithium-ion batteries into the stream of commerce. Wolbrueck alleged that the trial court has jurisdiction over Samsung because Samsung designed, manufactured, and placed the subject battery into the stream of commerce, and conducts business in the State of Texas in a continuous and systematic manner.

Samsung filed an amended special appearance contesting the trial court's personal jurisdiction over it, arguing that it has never sold or shipped any 18650 lithium-ion batteries, individually or in a battery pack, to Vape King. Samsung further argued that it has also never sold or shipped any 18650 lithium-ion batteries for use by individual consumers as power sources in third-party, unauthorized devices, including e-cigarette devices and flashlights, and that it has specifically emphasized that its 18650 lithium-ion batteries should not be used on a standalone basis outside of a battery pack, especially by individual consumers.

Samsung averred that its 18650 lithium-ion batteries are designed for and marketed through two channels of distribution: (1) direct bulk sale to entities which assemble them into battery packs for subsequent sale and distribution; and

(2) direct bulk sale to certain manufacturers of authorized products and the companies in these manufacturers' supply chain.

Samsung further alleged that it has never sold any 18650 lithium-ion batteries for standalone use to a resident of Texas, has never shipped any such batteries to a Texas address outside of its controlled distribution channels, has never sold or shipped such batteries to businesses in Texas that sell standalone 18650 lithium-ion battery cells to individual consumers for use outside of a battery pack in Texas, and has no connection to the Texas e-cigarette market or any market involving the retail sale of standalone 18650 lithium-ion battery cells.

Samsung conceded that some of these batteries were shipped to Stanley Black & Decker's manufacturing facility in Mission, Texas since January 2019, after Wolbrueck purchased his battery. Samsung further conceded that it "has made irregular shipments of battery packs containing its 18650 lithium-ion battery cells to Hewlett Packard and Dell for them to be used as samples or in laptop repairs in their Texas service centers." Samsung submitted the declaration of Heuiseob Shin ("Shin"), Samsung's authorized representative, which reiterated these facts, in support of its special appearance.

Wolbrueck filed a response and attached as support a declaration by Nickie Bonefant, the chief operating officer of ImportGenius, and a declaration by Bret D. Stanley, one of Wolbrueck's attorneys. On July 18, 2023, the trial court denied Samsung's special appearance. This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(7).

## II.   DISCUSSION

Because it is dispositive, we will address Samsung's second issue asserting that the trial court erred in finding that Texas has specific personal jurisdiction over

3

Samsung.

## A.    STANDARD OF REVIEW

Whether a court has personal jurisdiction over a nonresident defendant is a question of law we review de novo. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). The plaintiff bears the initial burden of pleading allegations sufficient to confer jurisdiction. *Luciano v. SprayFoamProducts.com, LLC*, 625 S.W.3d 1, 8 (Tex. 2021). The burden then shifts to the defendant to negate all bases of jurisdiction in the allegations. *Id.* Because the plaintiff defines the scope and nature of the lawsuit, the defendant's corresponding burden to negate jurisdiction is tied to the allegations in the plaintiff's pleading. *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010).

> The defendant can negate jurisdiction on either a factual or legal basis. Factually, the defendant can present evidence that it has no contacts with Texas, effectively disproving the plaintiff's allegations. The plaintiff can then respond with its own evidence that affirms its allegations, and it risks dismissal of its lawsuit if it cannot present the trial court with evidence establishing personal jurisdiction. Legally, the defendant can show that even if the plaintiff's alleged facts are true, the evidence is legally insufficient to establish jurisdiction . . . .

*Id.* at 659 (footnotes omitted).

## B.    APPLICABLE LAW

A court must have personal jurisdiction over the parties to issue a binding judgment. *Luciano*, 625 S.W.3d at 7–8. "A defendant's contacts with the forum can give rise to either general or specific jurisdiction." *Id.* at 8 (citing *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010)). If a nonresident defendant's affiliations with the state are so "continuous and systematic" as to render it essentially at home in the forum state, then a court has general jurisdiction over that nonresident defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014);

*Luciano*, 625 S.W.3d at 8; *TV Azteca v. Ruiz*, 490 S.W.3d 29, 37 (Tex. 2016). "By contrast, specific jurisdiction 'covers defendants less intimately connected with a State, but only as to a narrower class of claims.'" *Luciano*, 625 S.W.3d at 8 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021)).

"Texas courts may assert personal jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction and (2) the exercise of jurisdiction is consistent with federal due-process guarantees." *Id.* (citing *TV Azteca*, 490 S.W.3d at 36); *see BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (noting that the Texas long-arm statute "permits Texas courts to exercise jurisdiction over nonresident defendants that 'do business' in Texas, and the statute lists some [non-exclusive] activities that constitute 'doing business.'" (citing Tex. Civ. Prac. & Rem. Code Ann. § 17.042))). "Consistent with federal due-process protections, a state may assert personal jurisdiction over a nonresident defendant only if the defendant has established 'minimum contacts' with the forum state such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Luciano*, 625 S.W.3d at 8 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945)); *see All Star Enter., Inc. v. Buchanan*, 298 S.W.3d 404, 411 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Specific jurisdiction through minimum contacts with the forum state is established when the defendant (1) purposefully avails itself of the privilege of conducting activities in the forum state, and (2) the lawsuit arises or relates to the defendant's contacts with the forum. *Luciano*, 625 S.W.3d at 8–9.

## C. DISCUSSION

Samsung "does not dispute that it has purposely availed itself of the benefits of conducting limited business in Texas [involving] the limited commercial sales of 18650 lithium-ion battery cells . . . ." In other words, Samsung concedes that its

contacts concerning the sales of 18650 batteries in Texas are purposeful, and that it has sought a benefit, advantage, or profit from those sales here in Texas, as well as the protection of Texas' laws. Thus, the issue before us is whether Wolbrueck's suit relates to those contacts. *See id.*

### 1. Relatedness

The second prong of personal jurisdiction is "relatedness." *Id.* at 14 (citing *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017)); *see Bristol-Myers Squibb Co.*, 582 U.S. at 256 ("When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."). "Despite a nonresident defendant's flood of purposeful contacts with the forum state, the exercise of specific jurisdiction is prohibited if 'the *suit*' does not 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*." *Luciano*, 625 S.W.3d at 14 (emphasis in original). "This so-called relatedness inquiry defines the appropriate 'nexus between the nonresident defendant, the litigation, and the forum.'" *Id.* (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 579 (Tex. 2007)).

There have been significant developments in the case law applicable to this prong. *See, e.g.*, *Ford Motor Co.*, 592 U.S. at 366–71 (holding that relatedness does not require a "causal connection")[1]; *LG Chem Am., Inc. v. Morgan*, 670 S.W.3d 341, 351 (Tex. 2023) (applying *Ford* and holding that Texas had personal jurisdiction over foreign battery manufacturer in suit brought by Texas plaintiff injured by a battery manufactured by defendant). Like the appellant in *Morgan*, Samsung does not dispute that it has purposefully availed itself of the benefits and

---

[1] "When a company like Ford serves a market for a product in a State and that product causes injury in the State to one of its residents, the State's courts may entertain the resulting suit." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 355 (2021).

the protections afforded by Texas law by conducting activities within Texas, thereby satisfying the relatedness prong and establishing specific personal jurisdiction. *See Morgan*, 670 S.W.3d at 351 ("LG Chem and LG America do not dispute that they purposefully availed themselves of the privilege of doing business in Texas by selling and distributing their 18650 batteries in Texas.").

> [T]he LG Chem defendants intended to serve the Texas market for their model 18650 batteries—the same model battery that Morgan alleges exploded in his pocket and injured him. The LG Chem defendants urge us to distinguish between the market of sophisticated manufacturers they targeted and the market of individual consumers like Morgan, which they did not target. But there is no requirement for jurisdictional purposes that the market segment the LG Chem defendants served be precisely the same one from which Morgan purchased the battery.
>
> *The LG Chem defendants undisputedly sold and distributed model 18650 batteries in Texas, and they do not dispute that is the same model battery Morgan alleges injured him in Texas. That is sufficient to satisfy the relatedness prong and establish specific personal jurisdiction in Texas.* Luciano, 625 S.W.3d at 17; *see Ford*, 141 S. Ct. at 1028 (describing "a strong relationship among the defendant, the forum, and the litigation" as "the essential foundation" of specific jurisdiction (internal quotations omitted)); *Moki Mac*, 221 S.W.3d at 585 (stating that due process is satisfied where there is a "substantial connection" between the defendant's contacts and the operative facts of the litigation).

*Id.* at 349–50 (emphasis added).

Here, Samsung did not dispute Wolbrueck's factual allegations in his petition that Samsung sells its 18650 lithium-ion batteries in Texas to Hewlett Packard and Dell for use in the manufacturing of computers. Further, Shin's affidavit states that Samsung "does have a long-term agreement with Hewlett Packard and Dell. On infrequent occasions, Samsung has shipped battery packs containing its 18650 lithium-ion battery cells to Hewlett Packard and Dell."

7

Because Samsung concedes that it has purposefully availed itself of doing business in Texas concerning its 18650 batteries, we conclude that the trial court has personal jurisdiction over Samsung as to Wolbrueck's claims because Wolbrueck's claims are related to Samsung's contacts with Texas—i.e., the claims are based on an 18650 battery manufactured by Samsung.[2] *See id.* ("But there is no requirement for jurisdictional purposes that the market segment the LG Chem defendants served be precisely the same one from which Morgan purchased the battery. The LG Chem defendants undisputedly sold and distributed model 18650 batteries in Texas, and they do not dispute that is the same model battery Morgan alleges injured him in Texas. That is sufficient to satisfy the relatedness prong and establish specific personal jurisdiction in Texas."); *see also, e.g.*, *LG Chem Am. v. Wilson*, No. 14-22-00371-CV, 2023 WL 4733142, *6 (Tex. App.—Houston [14th Dist.] July 25, 2023, no pet.) (mem. op) ("By selling and distributing model 18650 batteries in Texas, the LG Defendants purposefully availed themselves of the privilege of conducting business in Texas and have enjoyed the benefits and protections of Texas laws.").

## 2. Fair Play & Substantial Justice

Samsung also argues that exercising personal jurisdiction over it would be unreasonable and thus violate traditional notions of fair play and substantial justice.

"Only in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully

---

[2] Because Samsung's first issue concerns objections to evidence that is only relevant to the purposeful availment factor, we need not decide whether Samsung preserved error and whether the trial court erred as to its first issue. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

established minimum contacts with the forum state." *Spir Star*, 310 S.W.3d at 878 (citing *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)). To evaluate the fairness of subjecting Samsung to jurisdiction here, we consider the following factors:

> (1) the burden on the defendant; (2) the interests of the forum in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the international judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several nations in furthering fundamental substantive social policies.

*TV Azteca*, 490 S.W.3d at 55. When, as here, the defendant is a foreign resident, we also consider "(6) 'the unique burdens placed upon the defendant who must defend itself in a foreign legal system;' (7) the state's regulatory interests; and (8) 'the procedural and substantive policies of other nations whose interests are affected as well as the federal government's interest in its foreign relations policies.'" *Id.*

Texas has a special interest in exercising jurisdiction over those who commit torts in the state. *See id.* (stating the same); *see, e.g.*, *Moncrief Oil Int'l Inc v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013) ("[T]he allegations that . . . Defendants committed a tort in Texas against a resident implicate a serious state interest in adjudicating the dispute."); *Spir Star*, 310 S.W.3d at 879 ("Texas has a significant interest in exercising jurisdiction over controversies arising from injuries a Texas resident sustains . . . ."). Because the injury occurred in Texas, and Wolbrueck was a Texas resident at the time of the incident, litigating in Texas allows for the most efficient resolution of this controversy. Under the remaining factors, there is no basis for the claim that exercising jurisdiction over Samsung in Texas would offend traditional notions of fair play and substantial justice, nor does Samsung advance any argument on appeal in this regard. *See* Tex. R. App. P.

38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

We conclude that the trial court's exercise of personal jurisdiction in this case comports with traditional notions of fair play and substantial justice. We overrule Samsung's issues on appeal.

### III.  CONCLUSION

The trial court's order is affirmed.

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.